## RIGGS, PEABODY & Co., *vs.* MARTIN.

The Legislature possesses no power to cut off all remedy on demands against estates of deceased persons, nor so to clog the assertion of a right, as to render it inoperative or valueless.

To draw the line between the Legislative and Judicial departments of government, arising upon the questions of the remedy and right of contract, is difficult, and no universal rule on that subject has ever yet been established.

When a party has a legal right, he is entitled to a legal remedy to enforce it.

It is the obligations of the law, compelling men to perform their duties or punishing them for their violation, which secures protection to life, liberty and property.

Physical inability, or mental infirmity cannot destroy the legal obligation of contracts.

The 97 and 98 sections of the administration law in our Revised Statutes, declared unconstitutional.

APPEAL from the probate court of Phillips county, determined in Phillips circuit court in May, 1842, before the Hon. JOHN C. P. TOLLISON, one of the circuit judges. On the 20th of January, 1841, Riggs, Peabody & Co., filed in the probate court a note executed to them by "*J. D. L. McWhite*," for $443 52 cents, with an affidavit of Riggs, one of the firm, made before a notary public in Maryland, and

Riggs, Peabody & Co., vs. Martin.

certified under his notarial seal, that the amount of the note was justly due and owing, and that no part or parcel thereof had been received either directly or indirectly, or any security or satisfaction thereof. The affidavit was made April 23, 1840. On the note and affidavit was endorsed, " The allowance of the above claim is refused by me, this 20th of January, 1841, George W. Martin, adm'r. of the estate of J. D. White." On the 4th of March, 1841, the administrator was served with a notice by Riggs, Peabody & Co., addressed to him as adm'r. of J. D. L. McWhite, deceased, that they presented the claim for allowance *"against the estate of J. D. L. McWhite,"* and that if he disallows it, they would present it to the probate court. He was also served with a copy of the original note, and the probate thereof. An affidavit is also annexed in the transcript made by Riggs on the 15th of February, 1841, before a justice of the peace in Maryland, with the certificate of the clerk of Baltimore county court, under the seal of the court, to the character of the justice, which affidavit states that no part of the money intended to be secured by the note had been secured or any security or satisfaction for the same. The original note was dated 19th July, 1836, and due at six months.

The probate court rejected the claim, *first,* because no affidavit was made in open court as required by section 97 of the chapter on administration in the Revised Statutes: *second,* because there was no such estate as the estate of "J. D. L. McWhite." The claimants excepted and appealed to the circuit court. When the case came up in the circuit court, that court adjudged that there was error in the judgment of the probate court, and set aside and ordered the case to proceed *de novs* on the points and errors in the record; the cause was then submitted to the court, and after hearing evidence adduced, the plaintiffs were non-suited. They then sued their writ of error.

*Pike & Baldwin,* for plaintiffs. The objection to the notice was cured by the administrator appearing both in the probate and circuit courts.

The cause of action here accrued on the 22d of January, 1837. The note was first presented for allowance on the 20th of January, 1841, and the claim then filed in the probate court, and three years had not elapsed when the claim was presented the second time.

We apprehend that even if the claim could have been barred by the territorial statute, yet that statute could not apply, after it was repealed by the Revised Statutes, and that it could not be barred until three years after the 20th of March, 1836. But it was presented in time under either statute.

If the 97th section of the administration law is to be so construed as to nonsuit every claimant who does not come personally before the probate court and swear to his claim in open court, foreign creditors might as well be told that the door of justice is closed upon them. The provision seems as useless as that which requires a copy of the note to be filed with a petition in debt.

*By the Court,* LACY, J. The only point of contest, or of the least difficulty in this cause is the constitutionality of the ninety-seventh section of the act of the Legislature regulating the proceedings of administration in the court of probate. That section declares, "that no demand shall be allowed by the court of probate unless the claimant shall make oath in open court that he has given the estate credit for all payments and offsets to which it is entitled, and that the balance claimed is justly due." The ninety-eighth section of the same statute forbids such affidavit to be received as evidence of the demand, and requires it to be proved by other competent testimony before it shall be allowed. We hold these sections to be clearly unconstitutional. The Legislature certainly does not possess the power to cut off all remedy on demands against the estate of deceased persons, or so to impair the right or clog its assertion as to render it inoperative or valueless. To draw the line between the Legislative and judicial departments of government, arising upon questions of the remedy and right of contract, is admitted by all jurists to be a most difficult and perplexing task, and no universal rule has ever yet been laid down and established on that subject. Most of the cases, if not all of them, have been decided on their own peculiar state of circumstances, and they have generally been carefully and satisfactorily determined. It is a maxim of universal justice pervading the whole system of the common and civil law, that wherever a party has a legal right he is entitled to a legal remedy to enforce it. For, if this was not the case,

Riggs, Peabody & Co., *vs.* Martin.

it could not be said that the laws reigned and governed the rights of contract. It is the obligations of the laws compelling men to perform their legal duties or punishing them for their violation that gives security and affords protection to life, liberty and property; and the peaceful and unfettered enjoyment of these blessings mark the boundaries between just and arbitrary governments. It is obvious that in all cases of small sums against the estates of deceased persons, owing to our own citizens, who reside at any distance from the court of probate, or to those of other States, to require these claimants to appear in open court and make oath of the justness of their demands would, in effect, bar them. The cost and trouble of travelling to court and returning, would consume, and in most instances, far exceed the original amount of their claims. In these cases, by cutting off all remedy from their assertion, the Legislature has completely destroyed all these legal obligations, and in many cases there would be a physical inability for the claimant to attend and make oath in open court. Certainly physical inability, or bodily or mental infirmities, cannot destroy the legal obligations of men's contracts; and even in cases of large amount, the party's rights to enforce them would often be so encumbered and burdened, as seriously to impair their value and efficiency.

Again, even after the party has made an affidavit, the Legislature declares that it shall not be received as evidence for him in the cause, but compels the claimant to establish his demand by other satisfactory proof. The Legislature places an onerous burden on the assertion of his rights, and oppresses him not only by requiring a useless but expensive act to be done, and when it is performed, it allows it to have no weight or influence in his favor in the cause. In every aspect that this case presents itself, we are clearly of opinion that the section in question is unconstitutional and void, and as the circuit court excluded the claim from allowance on this ground, its judgment must be reversed.