53  202
127a 350

MARGARET McNALLY, APPELLANT, v. THE CITY OF COHOES, RESPONDENT.

*City of Cohoes — notice to the city required, under chapter 183 of 1881, as essential to a recovery for injuries caused by a defective street — constitutional law.*

The provision of chapter 183 of the Laws of 1881, that "the city of Cohoes shall not be liable for the damage or injury sustained by any person in consequence of any street, highway, bridge, culvert, sidewalk or cross-walk in said city being out of repair, unsafe, dangerous or obstructed by snow, ice or otherwise, or in any way or manner, unless actual notice of the defective, unsafe, dangerous or

obstructed condition of said street, highway, bridge, culvert, sidewalk or cross-walk shall have been given to the common council of said city, or the superintendent of streets and public grounds of said city, at least twenty-four hours previous to such damages or injury," requires, as a prerequisite to a recovery of damages for any injury mentioned therein, that proof be given of actual notice to the city of the condition of the place where the accident happened.

Evidence which, under other circumstances, would be sufficient to justify a court or jury in imputing notice of the defect to the city is not sufficient.

Said statute is not unconstitutional, as depriving a party injured of her remedy against a party who has injured her, and not affording her any other remedy.

The legislature has the power to impose upon a citizen, as a condition of liability upon the part of the city to him, that he, or some one of his fellow citizens, shall have given notice of the danger which exists, and which has caused the damage to him.

APPEAL by the plaintiff from a judgment of nonsuit, rendered upon a trial at the Albany Circuit before the court and a jury, and entered in the office of the clerk of that county on the 30th day of January, 1889.

The action was brought to recover damages sustained by the plaintiff by falling on an icy sidewalk on February 7, 1885, on Factory street in the city of Cohoes. The plaintiff, in the opinion of the trial court, was entitled to go to the jury upon the testimony in the case, except that there was not sufficient evidence tending to show that "the actual notice" required by the statute of "the defective, unsafe, dangerous or obstructed condition" of the sidewalk had been given to the superintendent of the streets.

*Matthew Hale*, for the appellant.

*N. C. Moak*, for the respondent.

LANDON, J.:

The statute under which the nonsuit was granted is as follows: "The city of Cohoes shall not be liable for the damage or injury sustained by any person in consequence of any street, highway, bridge, culvert, sidewalk or cross-walk in said city being out of repair, unsafe, dangerous or obstructed by snow, ice or otherwise, or in any way or manner, unless actual notice of the defective, unsafe, dangerous or obstructed condition of said street, highway, bridge, culvert, sidewalk or cross-walk shall have been given to the common council of said city, or the superintendent of streets and public grounds of

said city, at least twenty-four hours previous to such damage or injury." (Laws 1881, chap. 183, p. 227, adding a new section to title 3, chap. 912, Laws 1869.) We assume that there was evidence sufficient to be submitted to the jury upon the question, whether the superintendent of the streets, by his own presence at and observation of the place in question, at different times more than twenty-four hours previous to the injury, had ample opportunity to acquire actual notice of the condition of the sidewalk, and whether he did thus acquire it. No actual notice of the condition of the sidewalk was otherwise given him.

Previous to this statute constructive notice would have sufficed. Constructive notice signifies that the party to be affected might reasonably have acquired or obtained actual notice, and that if he had not it was his fault; and since he could not interpose his fault to protect himself, he was without protection against the charge of notice imputed by the circumstances. Constructive notice in case of defective streets is an inference of notice, drawn from official opportunity to obtain it and from official obligation to be reasonably vigilant in keeping the public streets safe for travel.

The many cases, somewhat similar to the one now before us, which have been before the courts, in which notice has been imputed to municipal corporations by juries, have not infrequently excited the suspicion that municipal corporations are too liable to be unjustly convicted of negligence, and that the doctrine of constructive notice affords too dangerous a temptation to juries to make such corporations the imdemnitors of the injured, under the unjust pretext that their negligence caused the injury. It is not improbable that such considerations, whether just or unjust, were in the mind of the framers of this statute. Its object is to exempt the city from liability unless it has actual notice as distinguished from constructive or possible or imputed notice, which may, in fact, be no real notice. It requires that such actual notice must be given, not imputed, not derived, or obtained, or acquired. Notice given implies a giver, some person who can state when and where and how it was given. The contention of the plaintiff, in effect, is, that the jury might find, upon all the circumstances, that the superintendent of the streets must or ought to have obtained actual notice, and that he must be presumed to have obtained what he ought to have obtained, and,

therefore, did obtain it, and that actual notice obtained is equivalent to actual notice given, and thus the statute is satisfied. But thus the statute might be overthown. We think we should uphold it.

The counsel for the plaintiff urges that the statute, if construed as announced by us, is unconstitutional, because it deprives the plaintiff of her remedy against the party who has injured her, and does not afford her any other remedy. Assuming her constitutional right to a remedy against the party who has negligently injured her, this statute does not take it away. Its object is to demand such certain proofs of the city's liability as shall tend to the more certain administration of justice. Possibly the statute goes to an unwise extreme against the citizen and in favor of the city. Absolute remedial justice cannot be guaranteed; the legislature may make such rules to secure it as its wisdom approves, subject only to the restraints of the Constitution. Here there are difficulties on both sides. The citizen usually reposes upon official perform- ance of duty, and is not awake to its neglect until he is injured. Perhaps the injury comes from such neglect, possibly from mere misfortune. His interest prompts him to charge neglect, and in his contest with the city justice may be imperiled by the sympathy of the jury with the citizen. The courts cannot say that it is wrong for the legislature to impose upon the citizen, as a condition of the liability of the city to him, that he, or some one of his fellows, shall give some notice of the danger which exists. It may be wise to enact that the government will protect the people if only some one of the people will give notice that protection is needed. The people are many compared with the few officials, and it may not be unreasonable that the people should be accorded the privilege to summon the officials to duty.

The judgment is affirmed, with costs.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment affirmed, with costs.