## H. C. STILL V. CITY OF HOUSTON.

### Rendered December 20, 1901.

**1.—Municipal Corporation—Defective Sidewalk—Personal Injuries—Title of City to Street.**

Where a city is sued for personal injuries caused by a defect in the sidewalk of a street, it is not necessary for plaintiff to prove title to the property in the city, but it is sufficient to show that the city had assumed ownership and control of the property for street purposes.

**2.—Same—Evidence of City's Control.**

Evidence showing that the city had previously sold improvements on the property where the street was situated, and authorized their removal preparatory to opening the street, and had opened the street, was sufficient to warrant submitting to the jury whether or not the city had assumed ownership and control of the property for street purposes.

**3.—Same—City's Liability—Notice Not Necessary.**

Where a city charter provided that the city should not be liable for any injuries sustained by reason of defective condition of sidewalks, etc., unless such condition should have continued for ten days after notice to certain city authorities, and the city sold certain fences on property through which a street was opened, and authorized the purchaser to remove them, which he did within the knowledge of the city, but he failed to fill a hole left where a fence post was removed, just beside the sidewalk, and a pedestrian stepped into the hole, the charter provision had no application to such case, and did not protect the city, although no notice of the hole had been given, since the act of the purchaser was to be considered the act of the city.

**4.—Practice on Appeal—Verdict Directed.**

Where the trial court has directed a verdict the question of error in refusing charges is not in the case on appeal.

Appeal from Harris. Tried below before Hon. C. E. Ashe.

*Kirby, Martin & Eagle* and *C. B. Martin,* for appellant.

*Stewart, Stewart & Lockett* and *Joe M. Sam,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought by H. C. Still against the city of Houston to recover damages for personal injuries alleged to have been sustained by him as a resut of a defective sidewalk along one of the public streets of the city of Houston, the defect being due to the negligence of the city. The answer of the city contained a general denial, and a special plea to the effect that, by the force of one of its charter provisions, it was exempt from liability resulting from defects in streets and sidewalks, except when they had been permitted to remain out of repair for ten days after written notice of the defect, the notice to be served on the mayor or street and bridge committee, and that no such notice had been given in this instance. After hearing the evidence adduced on the trial the court instructed the jury to return a verdict for defendant, and the resultant verdict was duly followed by a judgment in favor of the city. The reasons which induced the court to take this course do not appear, but as the plaintiff's evidence

showed that he was injured on a public sidewalk in control of the city, and that the injury was due to an open post hole at the edge of the sidewalk, which had been there for months prior to the injury, we apprehend the court refused to submit to the jury the issues thus presented because no written notice had been shown as required by the charter provision pleaded, and because the court was of opinion the facts brought the case within the purview of that provision.

. The evidence adduced by plaintiff tended to establish the following state of facts: The city of Houston is a municipal corporation operating under a special charter. On the third day of January, 1898, Center street, a public street in said city, was not continuous, its continuity being interrupted at or near its intersection with Ashe street. The property lying between the two ends of Center street was owned by one Clark, and was broader than the street. The city determined to open Center street, and for this purpose purchased the entire Clark property. On this property there was then situated certain improvements and fencing, which it was necessary to remove in order to open the street and prepare it for use by the public. To accomplish this the city sold the improvements and fencing to one Fashon, and authorized him to remove it from the property, which he did, and when he had finished he verbally reported the fact to the mayor of the city. Thereafter the city, through its duly authorized agents, opened Center street through the property, and prepared it for use by the public. In removing the fence posts from the part of the Clark property on the east side of Ashe street, and near the intersection of Ashe and Center streets, Fashon did not fill up the holes left by the taking up of the posts, and it was into one of these holes that Still stepped and injured himself. This hole was not on the part of the property used for the opening of Center street, but was on the excess of the property left on the north side of Center street and the east side of Ashe street, after Center street was opened. The hole in question was just at the edge of and touching the east side of Ashe street sidewalk, and had been there in that condition long prior to the accident.

On the night of the 11th day of February, 1899, plaintiff was going to his home in Houston, carrying in his hand some light groceries. In so going, he walked along the "dirt" sidewalk on the east side of Ashe street, along where the post holes were situated. The night was dark and rainy and the street was not lighted. He was not in the habit of using that sidewalk, and had no knowledge that the holes were there.

The action of the court in directing a verdict is assailed by an appropriate assignment of error. Appellee seeks to justify the action of the court upon three grounds: (1) Because the city had no written notice of the defect ten days prior to the accident, and is therefore protected by its charter provision. (2) Because the property on which the hole was situated was not shown to be the property of the city. (3) Because the removal of the improvements and posts was not shown to be

the act of the city, but the act of Fashon, to whom the improvements were sold.

We are of opinion it was not necessary for plaintiff to show title to the city in the property. It was sufficient to show that the city had in fact assumed ownership and control; had in fact sold the improvements and authorized their removal as a part of the preparation for opening the street, and had in fact opened the street for use by the public. We think this was sufficiently shown to authorize the submission of the question to the jury. The charter provision under which the city seeks protection is as follows: "That said corporation shall not be liable to any person for damages caused from streets, ways, crossing, bridges, or sidewalks being out of repair from negligence of said corporation unless the same shall have so remained for ten days after special notice in writing to the mayor or street and bridge committee." Sec. 35, Charter of 1897. The provisions of this section are stringent and sweeping, and amount to a denial of recovery to any person for damages resulting from want of repair to any of the public ways of the city, when the city had not the requisite notice whether the injured person knew of the defect or not. The question presented is, whether it applies to cases like the one under consideration. A similar provision was construed in the case of City of Houston v. Isaacs, 68 Texas, 116. In that case it was held that the provision did not exempt the city from liability for injuries resulting from defects in the streets caused by the city's own procurement. In disposing of the question Chief Justice Gaines, who delivered the opinion in the case cited, used the following language: "There may be some reason for requiring notice to the city authorities of a defect accruing from ordinary causes, such as the action of floods, the use of the street by the public, or, it may be said, from any cause except by the action of the city itself. But in the present case the city put a contractor to work, stipulating to have an excavation made which was to be filled with gravel, and after the work had been begun and the street had been rendered unsafe for travel, discharged the contractor and left the work in an unfinished condition. This action was taken by the very officers to whom the charter required the notice to be given. The city is not sought to be held liable for any injury caused by a defect accruing from any extrinsic cause, but for having by its own procurement made the street unsafe and knowingly left it in that condition. * * * Under these circumstances we are of opinion that no proof of written notice was necessary in order to hold the city liable."

We are of opinion that the case before us can not be distinguished on the facts from the case cited. In that case the city had procured an affirmative thing to be done, whereby the street was rendered unsafe. In this case the city, in furtherance of its design to open Center street, had procured the removal of the improvements from the premises, and this involved the taking out of the posts, which inevitably left the holes, unless the city had arranged with the purchaser of the property to fill

the holes, and this does not appear to have been done. It is immaterial that the city procured the removal of the improvements by a sale of them. It was but another means of getting the improvements out of the way, and was as much the act of the city as if it had been done by one of its regular officers. The mayor and other officers concerned necessarily knew of the sale, for they had brought it about. They necessarily knew of the fact that the property had been moved, for they proceeded at once to prepare the street across the property for public use. In addition to this, the mayor himself was notified at once by the purchaser that the work had been done. It amounted to no more than if the city had employed Fashon to remove a large stone or other obstruction from an established street, giving him the stone or obstruction for his services. If the removal of the obstruction would leave a dangerous excavation in the street, the city would necessarily be chargeable with notice and with the duty to obviate the consequent danger.

We think the removal of the posts by Fashon under the circumstances stated was the act of the city, coming within the class of cases to which the doctrine announced in the Isaacks case, supra, applies. The cause should have been submitted to the jury to determine, among other issues in the case, whether the city was guilty of negligence in leaving the unfilled post hole so near the sidewalk.

Appellant reserved exceptions to the admission of evidence, and has assigned errors thereon. They present questions not likely to arise on another trial, so we do not consider them.

Errors are assigned on the refusal of the trial court to give requested charges. The trial court having directed a verdict, did not indicate whether he thought them sound propositions of law or not. The question of error in refusing them is not in the case on this appeal. We have held that on a like state of facts the court should upon another trial submit the issues to the jury. Inasmuch as we have no reason to believe that this will not be correctly done by the trial judge, we will not assume to advise him in advance.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*