MACLAM v. CITY OF MARQUETTE.

1. MUNICIPAL CORPORATIONS — HIGHWAYS — SIDEWALKS — MARQUETTE CHARTER—PERSONAL INJURIES—LIABILITY OF CITY.
Under subd. 16, of section 1, chapter 7, of its charter (Act No. 409, Local Acts 1895), the city of Marquette is not liable for damages sustained by a pedestrian in consequence of obstructions left upon a sidewalk by an occupant of the premises, notwithstanding the general law of the State provides a general liability against municipalities in such cases.

2. SAME—STATUTES—REPEAL.
Subdivision 16, section 1, chapter 7, of the charter of Marquette (Act No. 409, Local Acts 1895), is not repealed by Act No.

423, Local Acts 1899, no attempt being made in the later act to repeal or modify the earlier one, and the two acts being such that both may stand and not be in conflict.

3. SAME—CONSTITUTIONAL LAW—CLASS LEGISLATION.

The provision of the charter of Marquette (subd. 16, § 1, chap. 7, Act No. 409, Local Acts 1895), exempting the city from liability for damages occasioned by obstructions on its sidewalks, is not invalid as class legislation.

Error to Marquette; Stone, J. Submitted April 16, 1907. (Docket No. 123.) Decided May 18, 1907.

Case by Robert A. Maclam against the city of Marquette for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*J. L. Heffernan* and *W. T. Potter*, for appellant.

*W. S. Hill*, for appellee.

MOORE, J. The plaintiff, a resident of the city of Marquette, claims he was injured by reason of poultry crates being negligently permitted by the defendant to obstruct a sidewalk in said city. His claim is that about 8 o'clock in the evening, accompanied by three friends, he was traveling over the sidewalk mentioned, and that he stumbled over a crate which extended upon the sidewalk, and, to save himself, put out his hand, knocking another crate down and falling over it; his attention at the time of these occurrences being suddenly taken by some talk of his friends. After the plaintiff had closed his case, the defendant asked the court to direct a verdict in favor of the defendant under subd. 16 of section 1, chap. 7, of its charter (Act No. 409, Local Acts 1895), which reads as follows:

"*Sixteenth.* To compel all persons in such part or parts of the city as the common council may deem proper, to keep sidewalks in front of premises owned or occupied by them clear from snow, ice, dirt, wood or obstructions;

but the city shall never be liable for any damage sustained by any person in consequence of the neglect of any person to keep any such sidewalk clear from snow, ice, dirt, wood or other obstructions."

The court held that the charter provision exempted the city from the liability imposed by the general statutes of the State, and directed a verdict for defendant. The case is brought here by writ of error.

Counsel for appellant state the questions involved as follows:

" The law relating to this case is confined to the question of the validity of the charter provision exempting the city from liability for injuries to persons; and, if the same is considered valid, whether it has not been repealed by later acts; and, further, if finally it is considered not repealed, whether the council ever took any action to enforce the provision, as defendant's counsel clearly confined themselves to these questions in asking for a verdict, and the court went no further in its charge or opinion."

The first important question is: Does the general statute make the city liable, notwithstanding the provision of the charter? Counsel say the case of *Campbell* v. *City of Kalamazoo*, 80 Mich. 655, answers this question in the affirmative. An examination of the original record and briefs in that case shows, as may be inferred from the opinion, that the charter of Kalamazoo had no provision like the one before quoted. This case is also quoted to the proposition that the general statutes repealed the charter provision. We will refer to this point later.

It is also suggested that the charter provision is repealed by the provision contained in Act No. 423, Local Acts 1899. A reference thereto will show that no attempt was made to modify or repeal subdivision 16 of section 1 of chapter 7 of the charter. The two provisions may both stand, and not be in conflict.

The remaining important question is whether the charter provision is invalid because it is class legislation. Counsel insist it is, citing many cases, among others *Hincks* v. *City of Milwaukee*, 46 Wis. 566. The last-

named case sustains the contention of counsel; but, as will appear later, is not in harmony with the decisions of this court in relation to what constitutes class legislation.

After this case was heard in the court below, a motion for rehearing was made. In overruling it the learned trial judge filed a written opinion, which so ably states the question that we insert it here. After quoting the charter provision, the judge said:

"It was the opinion of the court that by reason of the last clause of the above provision, and under the evidence in the case, the plaintiff was not entitled to recover.

"This provision has existed in the charter of said city since its organization in 1871, and was re-enacted in the amendments of 1895. The grounds of the motion for a new trial are that the court erred in directing a verdict for the defendant for many reasons.

"It is urged that the above provision is void as opposed to the general law of the State creating liability of cities, and the case of *Campbell* v. *City of Kalamazoo*, 80 Mich. 655, is cited in support of the position. As I understand that case, the charter of the city of Kalamazoo was silent upon the subject of liability. That being so, of course, the general law of 1887 would apply, and govern. So I do not think that case controlling here. I understand it to be also claimed that the general act of 1887 repealed this clause of the charter. I do not so understand it.

"In *People* v. *Wenzel*, 105 Mich., at top of page 73, the court said:

"'It is a general rule that repeals by implication are not favored, especially where the effect is to repeal a special act by a general law. Endlich on Interpretation of Statutes, §§ 210, 227, 228. Unless the legislative intent to repeal a charter is deducible from a subsequent general act, the law will hold that the charter is not repealed by implication, and presume an intention to except the municipality from the operation of the general law'—citing cases.

"Can it be said that the intent to repeal is plain here? I think not.

"It is urged by plaintiff's counsel with much earnestness that this charter provision is unconstitutional and void as class legislation. Whatever may be the rule in Wisconsin and other States, what constitutes void class

legislation in Michigan is pretty well settled by our Supreme Court. It does not follow that because an act is local, or special, or even exceptional, in its application, that it is void as class legislation, if it be general in its application to the class or locality to which it applies. There has been a wide range of decisions covering many subjects. I shall refer to some of the cases. Beginning with the latest, and going backwards, we find the following cases:

"In *Attorney General, ex rel. Beadle*, v. *Arnott*, 145 Mich. 416, it was held that the statute authorizing the organization of corporations for the purpose of furnishing water power for manufacturing purposes, with power to divert, for the purposes of the act, waters from Lake Superior, or St. Mary's river, is not void as class legislation, for the reasons there stated.

"In *White* v. *Bracelin*, 144 Mich. 332, it was held that Act No. 663, Local Acts of 1905, making it a penal offense for any person to keep a saloon within 100 rods of any public school in Berrien county, is not unconstitutional as special legislation. In discussing the principle involved, the court does not put it upon the ground that it was a liquor case, over which subject the courts have a broad control, but the court said:

" 'The only questionable point is whether this act, being legislation pertaining to a portion of the State, is private legislation of a class which infringes constitutional rights of persons residing in Berrien county. In discussing the question of "unequal or partial legislation," Mr. Justice Cooley has said:

" ' " " Laws public in their objects may, unless express constitutional provision forbids, be either general or local in their application; they may embrace many subjects or one, and they may extend to all citizens, or be confined to particular classes, as minors or married women, bankers or traders, and the like. The authority that legislates for the State at large must determine whether particular rules shall extend to the whole State and all its citizens, or, on the other hand, to a subdivision of the State or a single class of its citizens only. The circumstances of a particular locality, or the prevailing public sentiment in that section of the State, may require or make acceptable different police regulations from those demanded in another, or call for different taxation, and a different application of the public moneys. The legislature may therefore prescribe or authorize different laws of police, allow the right of eminent domain to be exercised in different cases and through different agencies, and prescribe peculiar restrictions upon taxation in each distinct municipality, provided the State Constitution does not forbid. These discriminations are made constantly; and the fact that the laws are of local or special operation only is not supposed to render them obnoxious in principle. The legislature may also

deem it desirable to prescribe peculiar rules for the several occupations, and to establish distinctions in the rights, obligations, duties, and capacities of citizens. The business of common carriers, for instance, or of bankers, may require special statutory regulations for the general benefit, and it may be matter of public policy to give laborers in one business a specific lien for their wages, when it would be impracticable or impolitic to do the same for persons engaged in some other employments. If the laws be otherwise unobjectionable, all that can be required in these cases is, that they be general in their application to the class or locality to which they apply; and they are then public in character, and of their propriety and policy the legislature must judge." Cooley on Constitutional Limitations (6th Ed.), p. 479

" 'This law is general in the sense that the author indicates. It applies to every one who lives or comes within the State. It is not limited to citizens of Berrien county. It is true that it prohibits saloons only in that county, and it may be that there is not the same necessity for that particular prohibition elsewhere. Innumerable instances of such legislation can be found. All of our local option laws involve this principle, and it is a common thing for the legislature to pass special acts, establishing exceptional municipal bodies, such as cities, villages, and school districts.'

" I call special attention to the remainder of this opinion, and especially to that part of it holding that the statute in question does not violate the Fourteenth Amendment of the Federal Constitution. That amendment aims specially at class legislation of a certain kind, and what is said and quoted upon that subject should be read.

"In *People* v. *De Blaay*, 137 Mich. 402, it was held that the statute prohibiting peddling without license, but, making an exception in favor of wholesale merchants selling by samples, and manufacturers, farmers, mechanics, and nurserymen selling their own products, is not class legislation.

"In *Lagoo* v. *Seaman*, 136 Mich. 418, it was held that the log lien law, in allowing full costs in justice's court, is not unconstitutional as class legislation, although under other statutes the costs are limited.

"In *U. S. Heater Co.* v. *Molders' Union*, 129 Mich. 354, it was held that the act authorizing the maintenance of suits by or against unincorporated voluntary associations, etc., was not void as class legislation, directed against organized labor; its scope being limited in no such manner.

"In *Osborn* v. *Charlevoix Circuit Judge*, 114 Mich. 655, it was held that an act regulating the catching of fish in the waters of the State is not void as class legislation

because the closed season is shorter in the waters adjoining a particular county than elsewhere.

"In *People* v. *Japinga*, 115 Mich. 222, it was held that the exemption from the statute of minors accompanied by their fathers or legal guardians, in visiting saloons, does not amount to an unconstitutional discrimination against minors not so accompanied.

"In *People* v. *Smith*, 108 Mich. 527 (32 L. R. A. 853), it was held that a statute requiring the use of emery wheels with blowers was not class legislation, since it applied to all operating such wheels.

"In *Jones* v. *Shiawassee Circuit Judge*, 105 Mich. 664, it was held that an act exempting parties in certain cases from giving security for costs was not unconstitutional as being class legislation, and the language of Judge COOLEY heretofore quoted is quoted in full.

"In *Woodmere Cemetery* v. *Roulo*, 104 Mich. 595, it was held that a special act authorizing condemnation proceedings to lay out a street through Woodmere Cemetery was valid and not class legislation.

"In *Toll* v. *Jerome*, 101 Mich. 468, it was held that a special act requiring certain specified circuit judges to hold court in other circuits was not void as class legislation.

"In *People* v. *Bellet*, 99 Mich. 151 (22 L. R. A. 696), it was held that the act requiring barbers to close their shops on Sunday was not class legislation, and class legislation is there defined by the court.

"This list might be extended almost indefinitely, but I do not deem it necessary. Upon the other hand, there are numerous cases condemning legislation as void and unconstitutional, because class legislation. Some of them are cited by the plaintiff's counsel.

"In *People, ex rel. Valentine,* v. *Berrien Circuit Judge,* 124 Mich. 664 (50 L. R. A. 493), an act requiring merchants who sell farm produce upon commission to execute bonds, etc., was held void, as unreasonable and as an unjustifiable interference with a lawful business and as class legislation.

"In *Rodgers* v. *Kent Circuit Judge,* 115 Mich. 441, an act relating to peddlers was held void and as class legislation because there was discrimination against non-residents.

"In *Burrows* v. *Brooks*, 113 Mich. 307, it was held that a statute which made limited exemptions on executions for labor claims was class legislation and unconstitutional.

"In *O'Connell* v. *Lumber Co.*, 113 Mich. 124, the act there in question was held void, and class legislation, because it gave special privileges to suitors upon specified classes of claims and also excluded corporations from the benefit of its provisions.

"The line of demarcation between the four cases last above cited and those which preceded them is so plain and distinct that comment is unnecessary.

"I must adhere to the view that the charter provision is valid, and leaves the plaintiff to his remedy, if he has any, against the owner or occupant of the premises, whose duty it was to keep the sidewalk clear from snow, ice, dirt, wood, or other obstructions."

Many of the villages and cities in this State have provisions that place limitations upon rights of action growing out of injuries upon sidewalks and highways not reasonably safe and fit for travel. These limitations do not apply to all of the municipalities of the State, and, so far as we now recall, not at all to the townships of the State; but it has not been successfully urged against them that they were void because they were class legislation. On the contrary, they have been held valid. See *Klass* v. *City of Detroit*, 129 Mich. 35; *Blumrich* v. *Village of Highland Park*, 131 Mich. 209.

We agree with the trial judge that the charter provision is valid and controlling.

Judgment is affirmed.

MCALVAY, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.