FORSYTH *v.* CITY OF SAGINAW.

1. MUNICIPAL CORPORATIONS—NEGLIGENCE IN MAINTAINING SIDE-
    WALKS—NOTICE OF DEFECTIVE CONDITION—SAGINAW CHARTER.
    Under the provisions of the charter of the city of Saginaw, a
    declaration charging negligence in keeping sidewalks in re-
    pair is demurrable for failure to allege that a notice in writ-
    ing of the particular defect in the street or walk was actually
    served on the city board of public works.

2. CONSTITUTIONAL LAW—NOTICE OF DEFECTIVE SIDEWALK.
    The legislature has power, by a local act, to limit the liability
    of a municipality for injuries sustained from defective streets
    or sidewalks to cases where a notice in writing of the defect
    shall have been served upon the board of public works.

Error to Saginaw; Gage (William G.), J.    Submitted
June 9, 1909.    (Docket No. 26.)    Decided September 21,
1909.

Case by Adeline Forsyth against the city of Saginaw
for personal injuries.    An order sustaining a demurrer to
the declaration is reviewed by plaintiff on writ of error.
Affirmed.

*Herman Pistorius* and *James H. Davitt*, for appel-
lant.

*John F. O'Keefe*, for appellee.

OSTRANDER, J.    The action is brought to recover dam-
ages for injuries which plaintiff claims were sustained in
tripping or falling upon a defective sidewalk in defendant
city on November 28, 1906.    It is alleged in the declara-
tion that the city had knowledge of the defective condi-
tion of the walk, and neglected for a year and more to re-
pair it.    The charter of the defendant city contains the
following provision:

"No civil action shall be maintained against the city for damages or injuries to persons or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructive, unless it appear that written notice of the particular defective, unsafe, dangerous or obstructed condition of such street, highway, bridge, culvert, sidewalk or crosswalk was actually given to the board of public works; and that there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of. All actions against the city of Saginaw shall be commenced in and trial had in the circuit court for the county of Saginaw." Act No. 566, Local Acts 1905, tit. 24, § 24.

There is no allegation in the declaration that any written notice of the defective condition of the sidewalk was given to the board of public works. Defendant demurred to the declaration, and the only ground of demurrer to which the attention of this court is directed is the failure to aver the giving of such notice. The demurrer was sustained. It is said in the brief for appellant that, inasmuch as the fact that the defendant had knowledge of the condition of this sidewalk is alleged, there is no necessity for setting out in the declaration the evidence relied upon to prove such knowledge. It is evident, however, that decision in the court below did not turn upon a mere question of pleading. The arguments presented involve both the construction and the validity of the charter provision. It is said that, properly construed, it would have no application to cases where the city itself created a dangerous condition of the highways; that in many cases, as where an improvement was carried on by the city itself, and a dangerous condition of the highways left unguarded overnight, the city would entirely escape liability to one injured during the night. The reasoning employed is that, as in such a case notice would add nothing to the knowledge possessed by the city authorities, so it would add nothing, and should not be required, in any case where the city had actual knowledge of the defective condition

of the streets. Assuming that the words employed in the charter cover every case of dangerous and unsafe condition of the highways, however created, we are not now required to determine whether the legislature may thus limit the common-law liability of a city to respond in damages to one injured because of its acts of misfeasance. The case made by the declaration is one of nonfeasance, of neglect to keep a sidewalk in repair. In such a case liability on the part of the city is created by statute. 1 Comp. Laws, §§ 3441–3445. The charter provision is construed as applying to all cases of civil action arising under the general statute above referred to. Beyond this we have no occasion to go.

The question presented, then, is one of legislative power. The general statute which has been referred to applies, in terms, to all cities. It is assumed upon abundant authority that, notwithstanding the general law, the legislature had power to dispose of this whole subject by a local act applicable to the particular community. In *Maclam* v. *City of Marquette*, 148 Mich. 480 (111 N. W. 1079), the charter which was considered provided that the city should never be liable for any damages sustained by any person in consequence of the neglect of any person to keep sidewalks clear of snow, ice, dirt, wood, or other obstruction. The charter was enacted in 1871. At that time there was no statute imposition upon cities of any duty in the premises, and the law of the State denied liability for mere neglect to keep highways in safe condition for public travel. If one may indulge conjecture, I should say that the provision was inserted in the charter to save municipal responsibility to citizens who for any reason were permitted to bring their action for injuries in the Federal courts. Later our general statute was enacted. It was held that the general law did not repeal the charter provision. It resulted that in the city of Marquette the special local act was controlling of the subject to which it was addressed. Beyond that, the general statute was operative and controlling. It has also

been repeatedly determined that charter provisions which bar the statute right to a recovery for injuries because of a failure, after the fact of injury, to give a prescribed notice or notices to the municipal authorities are valid. The charter of Saginaw recognizes the existence of the general law. It recognizes the duty imposed by general law to keep highways in repair. It limits the liability of the municipality, and therefore the right of the citizen, under the general law. The legislative purpose is clear. Under the general law, liability exists when, and only when, it is shown that the city has had reasonable time and opportunity, after knowledge or notice of the defect, to repair it, and has not used reasonable diligence therein after such knowledge or notice. Under the charter, written notice of the defective condition of the highway must be given to the board of public works, and thereafter unreasonable delay in repairing must occur, or else there is no liability. Upon principle, I am not able to distinguish the case presented and *Maclam* v. *City of Marquette*, *supra*. If the provisions of the charter and of the general law may stand together in one case, there is no good reason why they may not in the other case.

The order sustaining the demurrer is affirmed.

GRANT, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.