WILLIAM A. POLLOCK, APPELLEE, V. BEDFORD B. BOYD, APPELLANT.

FILED MARCH 1, 1893.   NO. 4487.

1. **Judgments:** RESTRAINING COLLECTION: IRREGULARITIES: REVIEW. A court of equity will not enjoin the collection of a judgment at law on account of mere irregularities or errors on the part of the trial court. Errors at the trial or in the proceedings must be corrected in the trial court or by direct proceeding in the appellate court.

2. **Judgments by Default:** VALIDITY OF ORDER SETTING ASIDE: IRREGULARITIES: ASSIGNMENT: LIEN OF ASSIGNEE: CANCELLATION. One V. obtained judgment by default against P. in the county court of C. county. Within ten days thereafter P. filed a petition to vacate said judgment for various reasons, but containing all the allegations necessary to entitle him to have it set aside under the provisions of section 1001 of the Code. A summons was issued for V. and personally served, giving him more than five days' notice of the time set for hearing said petition. At the time named V. appeared and demurred to the petition, but made no objection on the ground that P. had mistaken his remedy. The court having ordered that the judgment be set aside and P. allowed to answer, the case was continued from time to time on the application of V. and finally dismissed for want of prosecution. V. subsequently executed an assignment of said judgment to B., who procured a transcript of so much of the proceedings in the county court as included the judgment and caused it to be filed and docketed in the office of the district court of said county and demanded and threatened to procure an execution thereon and cause the lands of P. in said county to be sold to satisfy said pretended judgment. In an action by P. to enjoin such execution and levy and to remove the cloud upon his title caused by said pretended judgment, *held*, that the action of the county court in setting aside said judgment upon the petition instead of a motion was a mere irregularity and the order in question is not void for want of jurisdiction.

3. **Evidence** examined, and *held* to sustain the decree of the district court.

27

APPEAL from the district court of Cedar county. Heard below before NORRIS, J.

*B. B. Boyd* and *J. C. Crawford*, for appellant.

*Barnes & Tyler* and *H. A. Miller & Son, contra.*

POST, J

This is an action in equity and was tried in the district court of Cedar county, resulting in a decree for the appellee, who was plaintiff therein, and from which the defendant appeals.

The petition states in substance that on or about the 9th of March, 1886, one Robert J. Valentine obtained a judgment against the plaintiff in the county court of Cedar county, by default, for the sum of $538.08 and costs taxed at $18.10; that afterwards said default judgment was set aside and defendant allowed to enter his appearance and defend, and afterward, on the 13th day of July, 1886, said cause was finally dismissed at the costs of the said Valentine; that on or about the 15th day of November, 1888, and long after said cause of action was finally dismissed, the defendant procured from the said Valentine an assignment of said pretended judgment, and on the 6th day of December, 1888, procured from the county judge of Cedar county a transcript of so much of the proceedings in said cause as showed the judgment against the plaintiff, purposely omitting the further proceedings setting aside said judgment and the final dismissal of said cause; that on the 6th day of November, 1888, defendant filed his said pretended transcript in the office of the clerk of the district court of Cedar county, and caused the same to be entered on the judgment docket of said court, and indexed as a valid and subsisting judgment against the plaintiff; that at the time said pretended transcript of judgment was filed in the district court plaintiff was and still is the owner of a large

amount of real estate situated in said county, and that the said pretended judgment appears to be a lien upon the said lands of plaintiff and casts a cloud upon his title to the same; that said defendant threatens to have execution issued on his said pretended judgment, and to levy the same on the lands of plaintiff, to sell the same thereunder, and will perform such unlawful acts unless restrained by the order of the court, etc.

The prayer of the petition is for a restraining order and that on a final hearing said pretended judgment be canceled and set aside, and the cloud removed from plaintiff's title, and for general equity relief.

The answer of defendant admits so much of the facts stated in the petition as relates to the entry of the judgment by default and the assignment of the judgment to defendant, and denies all of the other allegations thereof.

The real contention of the appellant is that the action of the county court in setting aside the judgment by default was without jurisdiction and void. On the 15th day of March, six days after the rendition of the judgment against him, the appellee Pollock filed in the county court a petition to vacate said judgment, and caused a summons to be issued for Valentine, the plaintiff therein. On the 26th day of March said summons was returned, showing personal service in due form. It also appears from the record that on the 5th day of April, the day set for the hearing of said petition, the said Valentine appeared by attorney and demurred to the petition for a new trial, which was sustained as to the first count and overruled as to the second count thereof, and a stipulation was filed allowing appellee until April 12 to amend his petition for a new trial, and allowing Valentine until April 17 to answer; that on the day last named said Valentine filed a demurrer to the amended petition, which was overruled, and there being no further appearance it was ordered that said judgment be set aside and vacated, and appellee Pol-

lock permitted to enter his appearance and defend on con-
dition that he pay the costs taxed at $16.40 on or before
the 3d day of May following. It also appears that said
condition was performed by payment in full of the costs
on the day last named. It further appears that on the
10th day of May the appellee filed a motion to require
Valentine, plaintiff therein, to attach to his petition an
itemized copy of his account, which was overruled; also,
that the said plaintiff filed an amended petition on the 7th
day of June, a second on the 11th of June, and a third
on the 21st of the same month; that on the 6th day of
July he again obtained leave to amend by the 13th of that
month, on which day, having failed to amend in accord-
ance with the order of the court, the action was dismissed for
want of prosecution. At the time, therefore, of the as-
signment by Valentine to the appellant the latter had notice
of all the facts disclosed by the record, and his equities are cer
tainly not superior to those of his assignor. Appellee was en-
titled to have the judgment rendered against him in his ab-
sence set aside on motion and payment of costs if made within
ten days. (Civil Code, 1001.) While the proceeding by
petition was irregular it is clear that the order setting aside
the judgment is not void for want of jurisdiction. The
petition contains all the allegations required in a motion,
and seems to have been so regarded by the court, which
evidently disregarded the unnecessary allegations and
granted the relief to which the appellee was entitled.
Valentine, the plaintiff in that action, had notice of the
application within the statutory time and appeared, but
made no objection on the ground that the remedy of the
appellee was by a proceeding entitled a motion instead of a
petition. He also, subsequent to the setting aside of the
judgment, continued to invoke the power of the court by
filing amended petitions claiming judgment against the
appellee for the same cause of action. Had he desired to
have the order in question reviewed, it should have been

done in a direct proceeding. There is no equity in his present position, hence the decree of the district court is right and should be

AFFIRMED.

THE other judges concur.