# THE MAYOR AND CITY COUNCIL OF BALTIMORE *vs.* WILLIAM WALKER, by Next Friend.

*Liability of Municipal Corporation For Injuries Caused By Obstruction Placed by it in Street Pavement.*

A municipal corporation is liable in damages for injuries caused by an obstruction placed by it upon the pavement of a public street and likely to prove dangerous to pedestrians using due care.

Plaintiff, a boy about ten years old, while walking on a dark night on the sidewalk of a public street of the defendant municipality, and using due care, stumbled against and fell over a water pipe or stop-box which projected two or three inches above the level of the pavement and sustained the injuries to recover damages for which this action was brought. The water-box was constructed by the defendant for the purpose of turning on and cutting off the water from the abutting dwelling-house. The foot-way at that point was only about four and a half feet wide. Such water-boxes are generally laid flush with the pavement. This particular box had been allowed to project above the sidewalk for more than ten years; after the injury to plaintiff the City Water Department placed it even therewith. *Held*, that the existence of this obstruction in the street was a nuisance, and that the defendant is liable in that action for its neglect to keep the highway in a safe condition for public travel.

*Held*, further, that the defendant was not entitled to receive notice of the existence of this obstruction before it could be held liable, since it had been placed there by the defendant itself.

*Held*, further, that the defendant was not injured by the admission of evidence to show how long the pavement had been allowed to remain out of repair after the accident to the plaintiff.

Appeal from Baltimore City Court (DENNIS, J.,) where there was a verdict and judgment for the plaintiff for $1,000.

*Defendant's 5th Prayer.*—That the city does not insure its inhabitants against injuries by reason of the condition of its streets, and if the jury finds from the evidence that St. Paul street, at the time and place the injuries complained of are alleged to have been sustained, was in such condition as to be reasonably safe for travel to persons walking thereon with ordinary care, that then the verdict must be for the defendant,

and by ordinary care is meant such care as ordinarily careful boys of the plaintiff's age and experience should exercise under similar circumstances.  (*Granted.*)

*Defendant's 6th Prayer.*—That even if the jury finds from the evidence that St. Paul street at the time and place the injuries complained of and alleged to have been sustained was in an unsafe condition, still if the jury further finds that the plaintiff saw, or by the exercise of reasonable care could have seen, the stop-box over which he is alleged to have fallen in time to have avoided stumbling against the same, that then the plaintiff is the author of his own injury, and the verdict of the jury must be for the defendant ; and by reasonable care is meant such care as ordinarily careful boys of the plaintiff's age and intelligence should exercise under similar circumstances.  (*Granted.*)

*Defendant's 7th Prayer.*—That the Mayor and City Council of Baltimore is not chargeable with negligence, because of the injuries claimed to have been received by the plaintiff, as mentioned in the evidence, if they find that according to common opinion, the accident causing the said injuries was not likely to happen, and if they so find, then their verdict must be for defendant.  (*Refused.*)

*Defendant's 8th Prayer.*—That the Mayor and City Council of Baltimore is not chargeable with negligence in omitting to keep the street clear of the stop-box mentioned in the evidence, if the obstruction was so slight that no careful or prudent man would apprehend danger from its existence.  (*Refused.*)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Albert C. Ritchie, Third Assistant City Solicitor,* (with whom was *W. Cabell Bruce, City Solicitor,* on the brief ), for the appellant.

The lower Court erred in admitting evidence to show that in April, 1903, over two years after the accident, the defend-

ant had the stop-box in question made flush with the pavement, because such evidence "has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue, and to create a prejudice against the defendant." *Columbia, etc., R. Co.* v. *Hawthorne*, 144 U. S. 202; *Turnpike Co.* v. *Case*, 80 Md. 36; 21 *Am. & E. Ency.* 521, 522.

The possibility that the jury *may* have been satisfied of the appellant's negligence independently of this evidence, is immaterial. As said by this Court, in *Consolidated Railway Company* v. *State, use O'Dea*, 91 Md. 506, 513, "it is not the fact that injustice *will* be done, but the possibility that it *may* be done, which must be considered."

The appellee's first prayer, granted by the Court below, was defective, in that it omitted to submit to the jury the question of whether or not the appellant had notice of the existence of the stop-box. *Keen* v. *Havre de Grace*, 93 Md. 34; *Hitchens* v. *Frostburg*, 68 Md. 100.

The appellee offered no evidence to show that the accident was the direct consequence of the alleged negligence of the appellant, and the jury should therefore have been instructed to find for the appellant. It is well settled, in cases of this kind, that the burden is upon the plaintiff to show affirmatively some act of negligence on the part of the defendant. There is a small class of cases which comes under the rule of *res ipsa loquitur*, in which a presumption of negligence arises from the peculiar nature of the accident. The present case, however, does not belong to that class.

The negligent act complained of was the existence in one of the public streets of Baltimore of an obstruction several inches high. Conceding that this obstruction was a nuisance, and that its presence constituted negligence on the part of the city, has the appellee connected the injuries complained of with the negligence of the city in such manner as to meet the requirements laid down by the Maryland authorities? Has he shown the circumstances of the accident, and if so, has he

shown that the obstruction complained of was the direct and proximate cause of the accident, so immediately connected with it, that but for such obstruction there would not have been any accident? If he has not, then he has failed in an essential element of his proof, and is, therefore, not entitled to recover.

*Thomas Mackenzie* and *C. Hopewell Warner*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a suit instituted by the appellee against the Mayor and City Council of Baltimore, to recover damages for personal injuries received by him while walking on one of the public streets in the city of Baltimore, and alleged to have been occasioned by the negligence of the city in not maintaining one of its streets in proper repair.

At the trial of the case, there were four bills of exception reserved by the appellant; three relate to the rulings upon the admissibility of evidence and one to the rulings upon the prayers.

The declaration contains two counts. The first alleges that the defendant is an incorporated city, and is bound to keep its streets in repair; that one of its streets called St. Paul street, was negligently suffered to be out of repair whereby the plaintiff in travelling on this street and using due care was hurt. The second count alleges: "For that the defendant is an incorporated city, and as such owns and controls the waterworks and system whereby water is distributed throughout the city; that as part of the system a water-cock was placed in the foot-pavement of St. Paul street, a public highway in the city of Baltimore, and used by the city in cutting off whenever it should be necessary to do so, the water served to premises known as 325 St. Paul street; that the water-cock was placed about six inches inside of the curb line of the pavement, and was negligently suffered by the defendant to extend about three or four inches above the footway, so that it obstructed and interfered with the free and unobstructed use

by the public of the highway; that on the night of the 24th of November, 1900, the plaintiff while passing along the highway and over the pavement, without the knowledge of the existence of the water-cock and which (it being night time), he neither saw nor was able to see, though using ordinary care, the foot of the plaintiff came in contact with the water-cock and he was thrown violently to the ground striking his head with great force against the pavement, in consequence of which he became unconscious, and so remained for a long time, and besides in falling struck and severely injured his neck, left leg and knee, and received other injuries whereby he suffered great pain, and has been, besides permanently injured and rendered unable to earn his livelihood, and the injuries were caused by the negligence of the defendant as above set forth, and not by want of due care or caution on his part or on the part of his lawful guardian or Bernice Jones, his next friend thereunto contributing."

The material facts, as shown by the record, are as follows: The appellee, William Walker, a youth about ten years of age, while walking along the sidewalk, on St. Paul street, in the city of Baltimore, on the night of November 24th, 1900, stumbled and fell over what is called "a water pipe or stop-box," which projected about two or three inches above the pavement where the accident happened. The water pipe was located on the pavement at 325 St. Paul street and was constructed by the city for the purpose of turning on and cutting off the water from the premises.

The pavement is described at about nine feet wide, but a portion of this space was covered by a door step, which left the footway at the place where the accident occurred, about 4½ feet wide.

On the night of the accident, the plaintiff was returning home alone, having gone with his grandmother to deliver some laundry, and was coming south, on St. Paul street, when he struck his foot against the water pipe, and was thrown violently to the ground, striking his head against the pavement, and sustained severe and permanent injuries. Robert M.

Killmeyer, the only witness to the accident, testified, that the night was dark and rainy, and as he was returning home, he heard a boy holloa, and at the same time, he saw him fall, having stumbled over the water pipe in front of 325 St. Paul street. He also testified, that "he heard the boy holloa and went and picked him up and asked him, if he had hurt himself and he said, he had, he had hurt his head, that he had stumbled over the water pipe. I picked him up and carried him home, and the next morning he was lying in bed, and said he felt badly." The boy's condition was such as to prevent him from testifying in the case.

It also appears from the evidence that the water pipe had been allowed to project above the pavement for over ten years, and that it was repaired after the accident by the City Water Department and is now even with the pavement.

Mr. Read, Secretary to the Water Department of Baltimore, testified that there are about ninety thousand of these water pipes or top-boxes in the city, and they are supposed to be put in flush with the pavement and if they protrude above the pavement, it is owing to the sinking of the pavement. There was other testimony on the part of the plaintiff and defendant, but as the evidence stated by us presents the material facts, we do not deem it necessary to review it here.

As the questions, presented for our consideration arise on bills of exceptions, we will examine them in their regular order.

The first and second exceptions can be considered together and they relate to the admissibility of certain evidence tending to prove how long the pavement had been permitted to remain out of repair after the accident to the plaintiff. It is difficult to perceive in what respect the answer of the witnesses contained in these exceptions could have prejudiced the defendant's case. The evidence, when considered in connection with the defendant's evidence, could in no way have affected the verdict in the case. We find no such error in this ruling, as entitles the appellant to a reversal.

The third exception having been abandoned by the appel-

lant, we come to the fourth, which embraces the rulings of the Court on the prayers.

The law applicable to this case, we think, was correctly stated by the Court in the plaintiff's first prayer, which asserted the proposition that if the jury found that "St. Paul street is a public street in the city of Baltimore, and that in the foot pavement thereof, in front of premises No. 325 a water cock connected with the water pipes leading from the mains under the bed of said street into said premises No. 325 was there located, and that the water pipe or cock extended above the level of the pavement some three or four inches as testified to by the witnesses, and that said water pipe was an obstruction to the free use of said pavement by pedestrians and made the same dangerous to passers by thereon; and that on the night of the 24th of November, 1900, the plaintiff while passing along said pavement and using the same as a foot passenger, came in contact with the said water pipe or cock striking his foot against it, and was thereby violently thrown to the ground and received the injuries as testified to by the witnesses, then the plaintiff is entitled to recover in this action, providing the jury believe that he was using such care in the use of the street as a boy of his age would ordinarily use under similar circumstances."

The liability of a municipal corporation, in an action of this kind, has been established by a number of decisions of this Court. In the recent case of *Baltimore City* v. *Beck*, 96 Md. 190, it was said, that as the municipal authorities of Baltimore had the power and authority to regulate and to remove obstructions from its streets  *  *  *  it was its plain duty to have kept the avenue in safe condition for public travel, on the night of the accident, in question. If it negligently fails so to do, and persons acting without negligence on their part are injured while passing along its highways, the city is liable in damages for the injuries caused by the neglect and the person so injured can recover against the municipality therefor.

The duty, then, of maintaining in safe condition the sidewalk of a public street, as well as all other parts of the highway,

clearly rests upon the municipality.    But it is contended upon the part of the appellant, that the appellees prayer was defective because it omitted to submit to the jury the question of whether or not the city had notice of the existence of the water-box or pipe in the street, and *Hitchin's case* in 68 Md. 100, and *Keen's case* in 93 Md. 34, are cited and relied upon to sustain this position.    We do not, however, regard those cases as in conflict with the principle of law controlling this.

This is a suit to recover damages for injuries resulting from an obstruction or nuisance existing in one of the highways of the city of Baltimore, and permitted there by the city itself. The city was the original wrongdoer, and it was its negligent act which caused the injury.    In *Guest* v. *Church Hill*, 90 Md. 695, the rule of law is thus stated.    If a person, who has not constructed a work which is a nuisance or causes damage, comes into possession of it he is entitled to knowledge or notice of its injurious character and an opportunity to abate it before he can be held liable, but the wrongdoer is not entitled to any notice before being sued for the injury caused by his own act.    *Met. Savings Bk.* v. *Manion*, 87 Md. 68; *Lion* v. *Baltimore City Pass. R. R. Co.*, 90 Md. 266.

We find no error, in the ruling of the Court, upon the plaintiff's first prayer, nor in the rejection of the defendant's ninth prayer, which asserted a converse proposition.

We think, it is clear, that the existence of an obstruction in one of the public highways of Baltimore City, in the mode and manner described by the evidence in this case, constituted a nuisance and the city is liable to respond in damages for injuries caused by its neglect in maintaining and failing to remove it.

We find no reason for disturbing the verdict of the jury in this case.    The plaintiff's prayers were properly granted and contained the law of the case.    There was no error in the rejection of the defendant's prayers, and as the evidence was legally sufficient to entitle the plaintiff to recover, the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided February 19th, 1904.)