# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

## STATE OF MAINE

---

Rose E. Harmon *vs.* City of South Portland.

Cumberland.   Opinion December 5, 1921.

*To recover damages against a town for personal injuries caused by an alleged defect*
*in the highway, it must appear that one of the officials named in the statute*
*had twenty-four hours' actual notice of such defect, and that plaintiff, or*
*some person in his behalf, had given the fourteen days' written notice*
*of the injury as required by statute.   And if plaintiff had notice*
*of such defect previous to the injury, it must appear that he*
*had, previous to the injury, notified one of the*
*municipal officers of such defect.*

The statute places a heavy burden upon the plaintiff in highway cases against a town for damages.   First, the plaintiff must prove twenty-four hours' actual notice to one of the officials named in the statute, and also the fourteen days' written notice of the accident.   There is yet another notice to be complied with that proves fatal to the plaintiff's case, upon her own testimony.   This requirement is: "And if the sufferer had notice of the condition of such way previous to the time of the injury he cannot recover of a town unless he has previously notified one of the municipal officers of the defective condition of such way."   It will be observed that this notice must be given by the "sufferer," the plaintiff, to one of the municipal officers, not to "a municipal officer, the Street Commissioner or their substitute," as the other twenty-four hour actual notice of the defect may be given.

On exceptions.   An action on the case to recover damages for personal injuries sustained by plaintiff by reason of an alleged defect in the highway of defendant city.   At the close of plaintiff's case, on

motion of defendant, the presiding Justice ordered a nonsuit, and plaintiff excepted.    Exceptions overruled.

Case stated in the opinion.

*William A. Connellan, and Harry H. Cannell,* for plaintiff.

*Hinckley & Hinckley, and Stephen W. Hughes,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, HANSON, MORRILL, DEASY, JJ.

SPEAR, J.   On the 28th day of March, 1919, the plaintiff met with an accident on a crosswalk in the City of South Portland by stubbing her toe, in the night time, against the end of a plank that projected above the surface of the crosswalk somewhere from four to eight inches.    At the close of. the plaintiff's evidence the court granted a motion for a nonsuit, to which the plaintiff filed exceptions, and this is the way the case comes up.    The only question involved is, whether there is sufficient evidence, if fully believed by the jury, to sustain a verdict in favor of the plaintiff if so found.

The trouble with the plaintiff case appears to arise from legal impediments.    The statute places a heavy burden upon the plaintiff in highway cases against a town for damages.    First, the plaintiff must prove twenty-four hours' actual notice to one of the officials named in the statute, and also the fourteen days' notice of the accident. There is yet another notice to be complied with that proves fatal to the plaintiff's case, upon her own testimony.    This requirement is: "And if the sufferer had notice of the condition of such way previous to the time of the injury he cannot recover of a town unless he has previously notified one of the municipal officers of the defective condition of such way."    It will be observed that this notice must be given by the "sufferer," plaintiff, to one of the municipal officers, not to "a municipal officer the street commissioner or their substitute," as the other twenty-four hours' actual notice of the defect may be given.

We find no evidence whatever of such notice.    The plaintiff testified that she informed a Mr. Cobb, a workman on the road of the alleged defect in question, and Mr. Cobb says he notified the Street Commissioner.    Whether this was sufficient notice of the defect to the Street Commissioner it is not necessary to decide.    We refer to the testimony to show that the plaintiff knew of the defect if it was a defect, in the spring of 1918, about a year before the accident.

If we assume that the condition complained of was a defect, the plaintiff had notice of it.    It was then incumbent upon her as a condition precedent to any right of action for injury against the city to previously notify "one of the municipal officers" of the defective condition of the way.

There is some evidence that the plaintiff's husband, "about four or five years ago" notified one of the aldermen of the alleged defect. The statute, however, requires that the notice shall be given by the "sufferer" in case the "sufferer" had prior knowledge of the defect. And it is said in *Barnes* v. *Rumford*, 96 Maine at Page 321:    "This requirement of the statute imposes upon the traveler a distinct personal duty as a condition precedent to his right to recover for injuries suffered on account of such defects."

It is contended, however, that inasmuch as the plaintiff had given notice of the defect in 1918, she had a right to assume that it had been repaired, and that therefore the "sufferer" notice did not apply.    But it will be observed that the conception of this notice is based upon the fact that the defect has not been repaired; and for that very reason, and because the "sufferer" is injured by the identical defect of which he has given notice, he is given a right of action.

If it was not the same defect, then there is no evidence that the municipal officers, the Street Commissioner or their substitute, had had the required twenty-four hours' notice.

We think the nonsuit was properly ordered.

*Exceptions overruled.*