JOHN C. STEWART, APPELLEE, V. CITY OF LINCOLN
APPELLANT.

FILED DECEMBER 8, 1925. No. 23453.

Municipal Corporations: DEFECTS IN STREETS: NOTICE. When a
notice of a defective condition of a street is given to a city
council at an open session thereof, five days before the happening
of an accident occasioned by such defective condition, a written
notice filed with the city clerk as provided by section 3970, Comp.
St. 1922, is not a necessary prerequisite to the right of recovery.

APPEAL from the district court for Lancaster county:
FREDERICK E. SHEPHERD, JUDGE. Affirmed.

C. Petrus Peterson, Charles R. Wilkie and R. A. Boehmer,
for appellant.

Sterling F. Mutz, contra.

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMP-
SON and EBERLY, JJ.

DAY, J.
The plaintiff recovered a judgment for $300 against the
city of Lincoln as pecuniary loss, on account of damages to

his automobile.    The cause of action was based on the claim of negligence on the part of the defendant, in failing to keep that part of Holdrege street, where the accident occurred, in a reasonably safe condition for travel.

While several assignments of error are set forth in defendant's brief, they all center about the one question, namely, whether, under the facts presented by the record, it was a necessary prerequisite to the right of recovery that a written notice of the defective condition of the street should have been filed with the city clerk five days before the accident.    It is the claim of the defendant that the statute requires that such notice be filed and in the absence of a literal compliance with these requirements no recovery can be had.

Section 3970, Comp. St. 1922, provides as follows:

"Cities of the first class shall be absolutely exempt from liability for damages or injuries suffered or sustained by reason of defective public ways, or the sidewalks thereof within such cities, unless actual notice in writing of the defect of such public way or sidewalk shall have been filed with the city clerk at least five days before the occurrence of such injury or damage.    In the absence of such notice so filed the city shall not be liable, and in all cases such notice shall describe with particularity, the place and nature of the defect of which complaint is made."

It is conceded by the plaintiff that no formal written notice of the defective condition of the street was ever filed with the city clerk, but it contends that actual notice of the defective condition of the street was given to the city at an open session of the city council, and that such notice was sufficient to meet the purpose of the statute, even though its terms were not literally complied with.    The record shows that for some time prior to the accident the street in question had been out of repair, full of chuck holes, and in a dangerous condition for the purpose of travel. While the street was in that condition, a delegation of citizens interested in the street appeared before the city council in open session, on June 6, 1921, and five days before the

happening of the accident, and notified the council of the dangerous condition of the street. While the main purpose of the delegation was to secure the paving of the street, they made it plain that the street was full of chuck holes and dangerous to life and property to persons attempting to use it. There is no question but that the city council as a body had knowledge of the defective condition of the street.

It has repeatedly been held by this court that it is the duty of cities to keep and maintain its streets and sidewalks in a reasonably safe condition for public use. *City of Lincoln v. Walker*, 18 Neb. 244; *Davis v. City of Omaha*, 47 Neb. 836; *City of Omaha v. Jensen*, 35 Neb. 68; *Goodrich v. University Place*, 80 Neb. 774.

In *Tewksbury v. City of Lincoln*, 84 Neb. 571, this court had occasion to consider this same statute in its application to the facts then before the court. In that case an employee of the city in flushing a sewer drain had permitted water to escape from the hydrant and go upon the sidewalk, which froze and formed a coating of ice on the sidewalk and bridge connecting the sidewalk with the street. On the following day a lady passing over the sidewalk, without knowledge of the condition, slipped, fell, and sustained injuries for which she sought damages against the city. In that case, of course, no notice in writing of the condition of the sidewalk had been filed with the city clerk. Under the facts a five days' notice would have been impossible. In that case the court held that, where the city itself created the dangerous condition which caused the accident, the written notice prescribed by section 3970 was not necessary.

A similar statute was again before the court for interpretation in *Updike v. City of Omaha*, 87 Neb. 228. In that case it was likewise held that the statute had no application where the defect which caused the injury was created by the city itself.

In the discussion of this latter case, the purpose of the statute, requiring a written notice to be filed with the city clerk, is considered. A part of the discussion is as follows:

Stewart v. City of Lincoln.

"In another part of the brief a better reason for this legislation is suggested. 'What was the purpose of requiring this notice? Clearly, to direct the attention of the proper officers of the city to the fact that at a particular point on one of the public highways of the city there exists at the time a condition in the public highway which renders the street unsafe and dangerous for public travel, a condition likely to result in injury to some traveler on the highway. The purpose of this notice was to enable the city to prevent accidents by repairing or guarding the defects.' This is undoubtedly the real purpose of the legislation."

One of the reasons advanced why the written notice required by statute was unnecessary in the *Updike* case, just referred to, was because the city itself had created the defect, and therefore had actual knowledge of the condition of the street. Under such circumstances a written notice would not have added anything to the information the city already possessed. We think the reasoning in the two cases above referred to applies with equal force to the case at bar.

Considering the underlying purposes of the statute, our decisions have made an exception to the necessity of a literal compliance with its terms. We have considered the spirit rather than the letter.

If a written notice is not required where the city itself creates the defect, because it has knowledge of the condition, it is difficult to see on what principle a written notice should be required when the same information is brought to the attention of the city council in an open session by a delegation of citizens complaining of the condition of the street. At the close of the hearing, we dare say, the city council had as much knowledge of the defective condition of the street as a written notice of the condition filed with the city clerk would have imparted.

Considering the broad purpose of the statute, we are of the view that, when a defective condition of a street or sidewalk is brought to the knowledge of the city council in open session five days before an accident occurs, the

written notice provided for in section 3970, Comp. St. 1922, is not a necessary prerequisite to the right of recovery.

The court did not err in its ruling refusing to direct a verdict for the defendant. The judgment of the district court is

AFFIRMED.

Note—See Municipal Corporations, 20 L. R. A. (n. s.) pp. 689, 728; 13 A. L. R. pp. 44, 62; 13 R. C. L. p. 337; 3 R. C. L. Supp. p. 44; 4 R. C. L. Supp. p. 810; 28 Cyc. 1389.