MARGARET ENGLE *v.* MAYOR AND CITY
COUNCIL OF CUMBERLAND

[No. 12, January Term, 1942.]

466

Decided April 8, 1942.

The cause was argued .before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*David Kauffman* for the appellant.

*Charles Z. Heskett* for the appellee.

SLOAN, J., delivered the opinion of the Court.

The only question in this case is the validity of a section of the City Charter of Cumberland, respecting suits for damages against the city "to persons or property arising from or occasioned by any public street, highway, or grounds."

The plaintiff, appellant, Margaret Engle, brought suit and filed a declaration on July 21, 1941, wherein she charged the city with having placed in the foot pavement in front of No. 400 Walnut Street, a public highway of the city, a watercock, water pipe, water lid, or stop box, "about fifty-six inches inside of the curb line of the pavement, and was negligently constructed or suffered by the defendant, who knew or should have known of this defect, to extend about one and one-half to three inches above the footway or sidewalk, so that it impeded or interfered with the free and unobstructed use by the public of the highway and its sidewalks; that on the night of October 3, 1940 (more than eight months after the event) the plaintiff, while passing along the highway and over the pavement or sidewalk, while in the exercise of due care, without the knowledge of the pro-

jection of the aforementioned obstruction above the sidewalk, and which, it being nighttime * * * she neither saw nor was able to see," stumbled on the obstruction and was injured.

The city demurred, and from an order sustaining the demurrer, the plaintiff appealed.

The sole ground of demurrer is that the city is not suable on the allegations of the declaration under Section 89, Chapter 96 of the Acts of 1922, Code of Public Local Laws, 1930, Section 89, Article 1A, which reads as follows: "Before the City of Cumberland shall be liable for damages of any kind, the person injured, or someone in his behalf, shall give the Mayor or City Clerk notice in writing of such injury within thirty days after the same has been received, stating specifically in such notice when, where and how the injury occurred, and the extent thereof. The City of Cumberland shall never be liable on account of any damage or injury to person or property arising from or occasioned by any public street, highway or grounds, including accumulations of snow or ice, or any public work of the city, unless the specific defect or the accumulation of snow or ice causing the damage or injury shall have been actually known to the Mayor or City Engineer by personal inspection for a period of at least twenty-four hours prior to the occurrence of the injury or damage, unless the attention of the Mayor or Engineer shall have been called thereto by notice thereof in writing at least twenty-four hours prior to the occurrence of the injury or damage and proper diligence has not been used to rectify the defect or cause said accumulations of snow or ice to be removed after actually known or called to the attention of the Mayor and City Engineer as aforesaid."

There is no case in this State construing such a provision of a city charter, but in many other States the question is not new, and in only two of them has it been held invalid. The main effect of such a charter provision is to be rid of the decisions of courts sustaining a charge of constructive notice, which makes a case of

this character almost impossible to defend, where municipalities and county commissioners are charged with the maintenance of streets, roads and highways. *Annapolis v. Stallings,* 125 Md. 343, 93 A. 974; *County Commissioners of Baltimore County v. Collins,* 158 Md. 335, 148 A. 242.

The plaintiff contends that it is not necessary to allege that the Mayor and City Engineer had personal knowledge of the condition of Walnut Street or that notice in writing of its condition had been given to them at least twenty-four hours previous to the injury complained of and that it was only necessary to allege her complaint in the general terms of the form prescribed by Article 75, Section 28, Subsection 37, Code, 1939, last enacted by the Act of 1888, Ch. 547. An answer to this, and we think sufficient, is Section 48, Article 3 of the Constitution of Maryland, that municipal corporations cannot be formed under any general law, but must be created under special or local laws, on such conditions and with such powers, duties, rights and obligations as the Legislature may prescribe. *McKim v. Odom,* 3 Bland 407; *Mayor, etc., of Baltimore v. State,* 15 Md. 376, 74 *Am. Dec.* 572; *Mayor, etc., of Hagerstown v. Sehner,* 37 Md. 180; *Lipsitz v. Parr,* 164 Md. 222, 231, 164 A. 743.

The plaintiff cites *Cole v. City of St. Joseph,* Mo. Sup., 50 S. W. 2d 623, 82 *A. L. R.* 742, as holding that a notice of intention to sue would seem to apply to the proof and not to the pleading. What was decided there was that the requirement of notice was not waived by the failure to plead the statute, and that the failure to notify the Mayor in writing within sixty days of the notice of the accident or injury could be shown by evidence. In the annotation, 82 *A. L. R.* 754, three cases are cited, one from *Canfield v. Jackson,* 112 Mich. 120, 70 N. W. 444, in which it was held that failure to plead the want of notice of the claim to the defendant was a waiver of the defense, and in *Clark v. Davison,* 118 Mich. 420, 76 N. W. 971, it was held that the non-presentment of

a verified claim could be offered in evidence under the general issue. In *Sheel v. Appleton,* 49 Wis. 125, 5 N. W. 27, it was held that failure to object by demurrer or answer that the claim was not first presented to the common council waived the claimant's failure to give notice.

The terms of the Act of 1922 provide that one claiming to have been injured must prove notice in writing from anyone to the City Engineer and Mayor at least twenty-four hours before the injury, and within thirty days of the injury the one injured or someone on his behalf shall give notice of the time, place and extent of injury to the Mayor or City Clerk; and unless these notices be given, the "City of Cumberland shall never be liable." It is therefore evident that the right to sue is predicated upon such notices being given, as well as upon the injury. The failure to make such allegations can be raised either by demurrer or plea. 6 *McQuillin, Municipal Corporations,* 2d Ed., 620; *City of Lincoln v. Grant,* 36 Neb. 369, 56 N. W. 995; *Smith v. Winston-Salem,* 189 N. C. 178, 126 S. E. 514; *Haggard v. Arkansas,* 116 Kan. 681, 229 P. 70; *Jarvis v. Surrey,* 1 K. B. 554; 44 *A. L. R.* 1143; *State, for Use of Stasciewicz, v. Parks,* 148 Md. 477, 482, 129 A. 793; *State, to Use of Dunnigan v. Cobourn,* 171 Md. 23, 26, 187 A. 881, 107 *A. L. R.* 1045.

This still leaves the question of the validity of the statute, Act of 1922, Ch. 96, Sec. 89, which the plaintiff vigorously attacks and contends that the right to recover for personal injuries or property damage is a common law right, which cannot be abridged by statute.

If there were no divisions of the State into counties, or subdivisions into cities and towns, the maintenance of public roads would be on the State, and it has been held that this is a governmental function (*Winebrenner v. Salmon,* 155 Md. 563, 568, 142 A. 723), and it must be conceded that no liability would attach to the State for its failure to keep the roads and streets in repair and free from danger, without its consent. There is no inherent right in anyone to sue the State or any of its agencies and instrumentalities.

"There is an exception to the application of that general rule in cases of injuries caused by a failure of municipal duty to keep highways and streets in safe condition for public travel. While the difficulty of assigning a logical reason for that exception has been conceded, its existence has long been definitely recognized." *Harford County Commissioners v. Love.* 173 Md. 429, 432; 196 A. 122, 124, and cases there cited. But there is no reason why the Legislature cannot eliminate this recognized exception, and thereby withdraw its consent that its agency or subdivision be sued. In the case of *Schigley v. Waseca,* 106 Minn. 94, 118 N. W. 259, 262, 19 *L. R. A. (N. S.)* 689, 16 *Ann. Cas.* 169, in an opinion reviewing and discussing more of the cases than any other that we have found or had brought to our attention, it is said: "It is thus clear upon principle and authority that the Legislature may grant or deny to individuals a right of action against municipal corporations for injuries resulting from the negligent manner in which streets and highways are maintained. Having this power, it may grant the right of action upon any conditions which it chooses to prescribe. It may, therefore, provide that the city shall not be liable unless it has had actual notice of the existence of the defect in the street for a designated or reasonable time before the accident. It follows that the Legislature may determine the manner in which such notice shall be given, and that a general statute enacted by the Legislature which contained the provision which we have quoted from the charter of the City of Waseca would be constitutional." In the case of *MacMullen v. Middletown,* 187 N. Y. 37, 79 N. E. 863, 11 *L. R. A. (N. S.)* 391, the question of the constitutionality of such a charter provision was fully considered and the provision upheld. See also *Stewart v. Lincoln,* 114 Neb. 96. 206 N. W. 151; *Stockton Automobile Co. v. Confer,* 154 Cal. 402, 97 P. 881; *Forsyth v. Saginaw,* 158 Mich. 201, 122 N. W. 523; *Harmon v. South Portland,* 121 Me. 1, 115 A. 419; *Shows v. City of Dallas,* Tex. Civ. App., 172 S. W. 1137.

There are only two cases which questioned the validity of such charter provisions. The first, *Born v. Spokane,* 27 Wash. 719, 68 P. 386, 389, did not refer to any of the many cases decided before that time, and the other, *City of Tulsa v. Wells,* 79 Okla. 39, 191 P. 186, cited the Washington case as its only authority. In both cases it was decided on the ground that it was unreasonable. This court has said over and over again that if the enactment be within the power of the Legislature, the courts are not concerned with its wisdom or unwisdom, or the reasonableness or unreasonableness of the Act.

The plaintiff also contends that, as the cause of the injury was a water connection or appliance installed by the city and suffiered by it to project upwards from the sidewalk, it was the original wrongdoer, and therefore no notice of injury was requried, and cites *City of Baltimore v. Walker,* 98 Md. 637, 644, 57 A. 4, as authority and precedent. We do not see the application; but even if it did, the Legislature seems to have anticipated it, for the charter provision, Section 89, applies in terms to "any public work of the city."

Because we believe the provision of the city charter of Cumberland is a valid expression of the legislative will, the order appealed from should be affirmed.

*Order affirmed, with costs.*