Dear Honorable Jonathan Herman
You have requested our opinion in connection with Carroll County's proposal to install a water pipeline in the right-of-way of a Sykesville road. Specifically, you ask if a public local law enacted by the General Assembly authorizes Carroll County to install the pipeline in the Town's right-of-way without the Town's consent. If so, you ask if this law constitutes a taking of property without just compensation in violation of the Fifth Amendment of the United States Constitution and Article III, § 40 of the Maryland Constitution. Finally, you ask if Carroll County has eminent domain power over a municipality's public properties, including roads and highways.
We have concluded:
1. The public local law authorizes Carroll County to install a water pipeline in the right-of-way of a Sykesville road without the Town's consent.
2. This public local law does not violate the Takings Clause of the federal or State constitution.
3. A State law granting Carroll County general power of condemnation does not authorize the County to condemn the property of municipal corporations.
 I Background
A. Piney Run Lake Project
In your letter you state that Carroll County plans to construct a water treatment plant at Piney Run Lake. The County has asked the Town of Sykesville for permission to install a water pipeline, which would be connected to the plant, alongside the bed of one of the Town's roads. The parcel in which the pipeline would be installed is designated as a "Road Improvement Right of Way" on a plat recorded among the land records. As the proposed water treatment plant has not yet been approved by all relevant State agencies, the Town Council voted to defer consideration of the County's request until the requisite State approvals have been granted.
B. Section 14-402
After the vote, a member of the Board of County Commissioners presented the Town Council with a copy of § 14-402 of the Carroll County Code of Public Local Laws. Referring to this law, the county commissioner contended that the County had the authority to install the pipeline on the Town's property without the Town's approval.
 Referring to the Carroll County Board of County Commissioners, § 14-402 provides as follows:
 The Board may enter upon and excavate any State or county street, road, or way, or any other public highway within the service area, for the purpose of installing, maintaining, and operating the water, sewerage, or drainage systems provided for under this title. The Board may construct in any street, road, way, or public highway, a water main, sewer, or drain or any appurtenances, without the receipt of a permit or the payment of a charge; provided that whenever any State or county highway within the service area is to be disturbed the public authority having control shall be duly notified; and provided further, that the highway shall be repaired and left by the Board in the same condition or in a condition not inferior to that existing before it was torn up, and that all incidental costs shall be borne by the County.
(Emphasis added.)
 II Analysis
A. Applicability of Section 14-402
You first ask whether § 14-402 applies to public roads and highways located in and owned and maintained by, a municipality within the County's water and sewer "service area."
Unquestionably, § 14-402 authorizes the Commissioners to install water pipelines along "any State or county street, road, or way" within a service area. Although the reference to "any other public highway" could include municipal roads, the text is not dispositive. However, the legislative history is illuminating. When the statute was originally enacted by the General Assembly in 1967, the reference to "any other public highway" was qualified with the phrase "outside any municipal corporation existing on the effective date of this subtitle." Chapter 754, Laws of Maryland 1967. However, this qualifying phrase was subsequently deleted. Chapter 739, Laws of Maryland 1978. The clear implication is that the commissioners' authority extends to State, county, or municipal roads.[1]
It has been suggested that another, more specific, law prevails over § 14-402 of the Code of Public Local Laws of Carroll County. See Annotated Code of Maryland, Article 25, § 10B. That law, in relevant part, authorizes the Carroll County Commissioners to regulate the use of any public road "which is not within the corporate limits of any municipal corporation" with respect to private and public utility improvements. Article 25, § 10B, was originally enacted in 1963. Chapter 840, Laws of Maryland 1963. To the extent that there is a conflict between these two laws, the latest substantive enactment amended § 14-402 and had the effect of extending the commissioners' authority to municipal roads. Chapter 739, Laws of Maryland 1978. As the later enactment, § 14-402 would prevail over Article 25, § 10B. Carroll County Education Association v. Board of Education, 294 Md. 144, 152,448 A.2d 345 (1982).
Although Sykesville has generally exempted itself from Carroll County legislation pursuant to Annotated Code of Maryland, Article 23A, § 2B, that exemption only concerns the application of legislation enacted by the county. See Article 23A, § 2B(e). Because § 14-402 was enacted by the General Assembly, not Carroll County, the exemption does not govern the application of § 14-402 to Sykesville.
Accordingly, § 14-402 applies to public roads and highways located in, and owned and maintained by, a municipality.
B. Whether Application of § 14-402 Would Be a "Taking"
You have also asked whether County action under § 14-402 would constitute a "taking" of property for public use without due process of law and just compensation, in violation of the Fifth Amendment of the United States Constitution and Article III, § 40 of the Maryland Constitution.
In relevant part, the Fifth Amendment to the Federal Constitution provides "nor shall private property be taken for public use without just compensation" (emphasis added). This prohibition, known variously as the Eminent Domain Clause, the Just Compensation Clause, and the Takings Clause, is binding on the states through the Due Process Clause of theFourteenth Amendment. Hawaii Housing Authority v. Midkiff, 467 U.S. 229,231, 244 n. 7 (1984). The State Constitution has its own Takings Clause, which provides that "[t]he General Assembly shall enact no Law authorizing private property, to be taken for public use, without just compensation." Maryland Constitution, Article III, § 40 (emphasis added).
The decisions of the Supreme Court interpreting the Takings Clause of the Fifth Amendment are authoritative in interpreting the equivalent clause of the State Constitution. King v. State Roads Commission,298 Md. 80, 84, 467 A.2d 1032 (1983).
Although the Fifth Amendment and Article III, § 40 expressly refer only to the taking of "private property," the Supreme Court has ruled that the protection of the Takings Clause, as it applies to the federal government, is not limited to private property. The Court has recognized that when the federal government condemns state or local government property, the loss to public authorities and their taxpayers may be no less than that suffered by private parties. United States v. 50 Acres of Land, 469 U.S. 24, 31 (1984). Accordingly, "it is most reasonable to construe the reference to `private property' in the Takings Clause of theFifth Amendment as encompassing the property of state and local governments when it is condemned by the United States." Id. (footnote omitted). No distinction is made based on whether the property is used for a governmental or proprietary purpose. See 1A Nichols on Eminent Domain § 2.21[3](rev. 3d ed.) ("Nichols").
Although the Supreme Court has held that a political subdivision has no rights under the federal constitution that it may invoke against a state,[2] some courts in other states have held that the protection of Takings Clause of the Fifth Amendment and the equivalent clause of a state constitution extends, though to a lesser degree, to local government property condemned by a state government. Under that theory, the degree of protection depends on whether the local government has used the property for a governmental or a proprietary purpose. See City and County of Denver v. Qwest Corp., 18 P.3d 748, 760-61 (Colo. 2001); New Castle County School District v. State, 424 A.2d 15, 16-17 (Del. 1980); City of Cambridge v. Commissioner of Public Welfare, 257 N.E.2d 782,784-85 (Mass. 1970); Town of Stockbridge v. State Highway Board,216 A.2d 44, 46-47 (Vt. 1966); State ex rel. State Highway Commission v. City of Albuquerque, 355 P.2d 925, 927-28 (N.M. 1960). As local governments are creatures of a state, there is no constitutional requirement that a state compensate a local government for taking property that has been used for a governmental purpose. See generally 1A Nichols § 2.225[1], 2 Nichols § 5.06[8][a] and [b], and 4A Nichols § 15.01[2]. However, these cases generally recognize that a state must pay just compensation for taking local government property that has been used for a proprietary purpose. Id.
Although there is often uncertainty in determining whether property is being used for a governmental or proprietary purpose, it is generally accepted that local governments own roads and streets in their governmental capacity. 2 Nichols, §§ 5.06[8][e][i] and 15.02[2]. Thus, a state may take roads without compensation or require local governments to allow water pipes to be laid in the right-of-way. Id. Citing Nichols, the Colorado Supreme Court has recently said: "[I]t is well established that municipalities hold public rights-of-way in a governmental capacity. Other jurisdictions addressing the issue have held that a state can take public rights-of-way without compensating the municipality within which they are located." Qwest Corp., 18 P.3d at 761
(citations omitted).
In Maryland, the Court of Appeals has said that "[w]here the act in question is sanctioned by legislative authority, is solely for the public benefit, with no profit or emolument inuring to the municipality, and tends to benefit the public health and promote the welfare of the whole public, and has in it no element of private interest, it is governmental in its nature." Mayor and City Council of Baltimore v. State, 173 Md. 267,275-276, 195 A. 571 (1937). In most contexts,[3] the maintenance of a public road would come within this definition.
No Maryland authority recognizes that a local government can press a takings claim against the State or a political subdivision. However, even if the Court of Appeals were to conclude that the Takings Clause applies to some local government property, it appears unlikely that the clause would protect a right-of-way of a public road. Accordingly, the State's authorization in § 14-402, which allows Carroll County to lay a water pipeline in Sykesville rights-of-way, without compensating Sykesville, does not violate the Takings Clause of the federal or State Constitution.
C. Whether the County Has Eminent Domain Power over Municipal Property
State law confers on the counties without home rule, including Carroll County, broad power to "[a]cquire by . . . condemnation . . . any property . . . of any kind needed for any public purpose." Annotated Code of Maryland, Article 25, § 11A(a)(1)(i). However, court decisions substantially limit the exercise of this power with respect to the property of municipal corporations. In Northern Central Railway Co. v. Mayor and City Council of Baltimore, 133 Md. 658, 660, 106 A. 159
(1919), the Court of Appeals declared:
 It is a firmly settled principle of the law of eminent domain that, when land has once become lawfully appropriated to a public use, it cannot be thereafter condemned for an inconsistent user, unless authority for such later appropriation has been conferred expressly or by necessary implication.
Based in part on this principle, this Office concluded that a State law conferring broad power on municipal corporations to condemn "any property" could not be used to condemn the property of a county, as the law did not specifically refer to the property of other political subdivisions. 73 Opinions of the Attorney General 234, 235-36 (1988). For the same reason, it is our opinion that Carroll County could not use the authority conferred by Article 25, § 11A to condemn the property of municipal corporations in the County. However, for reasons already stated, it is our view that § 14-402 of the Public Local Laws of Carroll County authorizes the County to install a water pipeline in the right-of-way of a Sykesville road.[4]
 III Conclusion
In conclusion, it is our opinion that:
1. A statute enacted by the General Assembly authorizes Carroll County to install a water pipeline in the right-of-way of a Sykesville road without the consent of Sykesville.
2. This statute does not violate the Takings Clause of the federal or State constitutions.
3. The County does not have authority, under its general condemnation power, to condemn the property of municipal corporations.
 J. Joseph Curran, Jr. Attorney General
 Richard E. Israel Assistant Attorney General
 Robert N. McDonald Chief Counsel Opinions Advice
[1] Nothing in the legislative file, which consists largely of copies of the bill, otherwise explains the deletion.
[2] See Williams v. Mayor and City Council of Baltimore, 289 U.S. 36,40 (1933).
[3] We note that, for purposes of determining liability, it has been held that the maintenance of public roads by a local government is a proprietary function. Cox v. Board of County Commissioners of Anne Arundel County, 181 Md. 428, 431, 31 A.2d 179 (1943). However, this appears to be an isolated holding. Indeed, the Court of Appeals has indicated that the maintenance of public roads by the State is a governmental function for purposes of determining liability. Engle v. Mayor and City Council of Cumberland, 180 Md. 465, 469, 25 A.2d 446 (1942); see also Winebrenner v. Salmon, 155 Md. 563, 568, 142 A. 723 (1928) (maintenance of public roads considered governmental function for purposes of Referendum Article of State Constitution). In the absence of any indication that the Court of Appeals intends to extend its holding in Cox beyond the liability context and in view of the general recognition that the maintenance of public roads by local governments is a governmental function, we are persuaded that the Court would hold that road maintenance is a governmental function for purposes of the Takings Clause.
[4] Of course, the fact that the County need not obtain the Town's permission for the project would not excuse the County from obtaining other required permits. See Annotated Code of Maryland, Environment Article, § 9-204 (State permit required for water supply system).
 *Page 34